IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

THIAGO CANNABRAVA DE SOUSA,

Plaintiff,

v.

CARRIE M. SELBY, Acting Associate Director, Service Center Operations; JOSEPH B. EDLOW, USCIS Director; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,

Defendants.

**4:26CV3056**

**ORDER**

In this case, plaintiff Thiago Cannabrava de Sousa ("Cannabrava de Sousa") seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, based on the United States Citizenship and Immigration Services's ("USCIS") final decision denying his "Form I-140 petition for classification as an alien of extraordinary ability" pursuant to Section 203(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1153(b)(1)(A) (Filing No. 13). According to Cannabrava de Sousa, USCIS denied his petition "on three independent grounds: (a) that the record does not establish sustained national or international acclaim placing [him] among the small percentage at the very top of his field; (b) that [he] does not seek to enter the United States to continue work in his 'area of extraordinary ability,' INA § 203(b)(1)(A)(ii); and (c) that [his] entry will not 'substantially benefit prospectively' the United States, INA § 203(b)(1)(A)(iii)."

Cannabrava de Sousa contends USCIS's decision (1) arbitrarily and capriciously refused to treat his "integrated area of expertise—industrial automation and advanced manufacturing systems, which by their nature combine robotics, control systems, and industrial software—as one 'field of endeavor'" and (2) demanded "proof found nowhere in the statute of 8 C.F.R. § 204.5(h)." He asks the Court to vacate USCIS's adverse

decision and remand "with instructions to approve [his] petition or, in the alternative, for lawful re-adjudication on the existing record under the correct legal standards."

Now before the Court is a Motion to Dismiss in Part (Filing No. 16) filed by defendants Carrie M. Selby, Associate Director, Service Center Operations; Joseph B. Edlow, USCIS Director; and Markwayne Mullin, Secretary of Homeland Security (collectively, the "defendants"). *See* Fed. R. Civ. P. 12(b)(6). They contend Cannabrava de Sousa's APA claim is based in part on a misguided effort to have the Court "declare unlawful the two-step process described in the [USCIS] Policy Manual and utilized by it in adjudicating petitions for 'extraordinary ability' visa classifications under the" INA, which policy is colloquially "referred to as the '*Kazarian* policy' and was adopted by USCIS in 2010 following *Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010)." The defendants ask the Court to dismiss Count VI of Cannabrava de Sousa's First Amended Complaint in its entirety[1] and those parts of Counts II, IV, and V that challenge the *Kazarian* policy.

Cannabrava de Sousa opposes (Filing No. 21) the motion. He argues that the decision in *Mukherji v. Miller*, No. 4:24CV3170, 2026 WL 895708 (D. Neb. Jan. 28, 2026), in which "[a] judge of this District held the framework invalid and ordered the petition approved," demonstrates "why dismissal is unavailable here." In his view, the defendants' motion is unfounded and premature. As to Counts II, IV, and V, Cannabrava de Sousa further argues that "Rule 12(b)(6) does not permit the dismissal of parts of claims or of individual legal theories, and each of those counts rests on grounds that have nothing to do with the framework's facial validity." *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.").

---

[1]In Count VI, Cannabrava de Sousa alleges, "The Two-Step 'Final Merits Determination' Framework Is Unlawful and Ultra Vires."

After careful review, the Court finds Cannabrava de Sousa fails to state a plausible claim for relief in Count VI. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring "a plausible claim for relief" to survive "a motion to dismiss"). Having thoroughly examined this issue earlier this month, the Court flatly rejected a similar challenge to the *Kazarian* policy, concluding it "is consistent with both the governing statute, 8 U.S.C. § 1153(b)(1)(A), and accompanying regulation, 8 C.F.R. § 204.5(h)." *Vernekar v. Miller*, No. 4:26CV3105, 2026 WL 2689561, at *5 (D. Neb. Sept. 8, 2026) (granting the defendants' Rule 12(b)(6) motion to dismiss). That same reasoning applies with full force here and is fatal to Count VI.

That said, the Court finds it imprudent and unnecessary to dismiss "parts of" Counts II, IV, and V "to the extent" they challenge the implementation of the *Kazarian* policy. Although that challenge is not fertile grounds for relief, the defendants do not deny Cannabrava de Sousa's assertion that all three of those claims state plausible claims on other theories of relief. In the end, the Court is confident the parties will be able to keep things straight as the case moves forward.

Based on the foregoing,

IT IS ORDERED:

1. Defendants Carrie M. Selby, Joseph B. Edlow, and Markwayne Mullin's Motion to Dismiss in Part (Filing No. 16) in granted in part and denied in part.
2. Count VI of plaintiff Thiago Cannabrava de Sousa's First Amended Complaint (Filing No. 13) is dismissed with prejudice for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).
3. The motion is denied in all other respects.

Dated this 22nd day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge